UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2011 AUG 29 P 1:43
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| ROBERT S. SLOAT<br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA<br>    Defendant. | ) Civil Action No. 3:11-CV 1361 (JCH)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) August 25, 2011 |

## COMPLAINT

**Nature of Action.**

1. Plaintiff brings this action to remedy the civil theft, unjust enrichment, fraud, conversion, negligence and Connecticut Unfair Trade Practices Act violations by Defendant.

2. Defendant Bank of America committed theft when they refused to return Plaintiff's $29,993.04, which they withdrew from Plaintiff's account, without permission and justification. These events happened after Defendant froze Plaintiff's account, due to a fraudulent transaction from a third-party, and informed him that he would have access to the remainder of his money soon thereafter.

3. Defendant withdrew said $29,993.04 as a means to close Plaintiff's account, but shortly after closed the account again by removing more funds. All funds which were removed were not for transactions authorized by Plaintiff, or relating to Plaintiff's business.

4. Plaintiff was aware that the fraudulent transaction for $4,500.00 would be removed from his account, but Defendants never informed Plaintiff why and how they were legally justified to remove the remainder of the funds in the account.

5. Plaintiff inquired several times about gaining access to his monies, which he relied upon for business-related expenses and opportunities, but Plaintiff never again received access.

6. Plaintiff has commenced this action PRO SE but expects to substitute counsel and/or request permission for hybrid representation when necessary and as the Court may allow.

7. Plaintiff requests a jury trial of all issues.

**Parties, Jurisdiction, and Venue**

8. Plaintiff, Robert S. Sloat, is an individual domiciled in the State of Connecticut, residing at 4 Bluewater Hill South, Westport, Connecticut 06880.

9. Upon information and belief, Defendant Bank of America is a corporation organized and existing under the laws of the State of Delaware with it's principal place of business in North Carolina and offices at Bank of America Corporate Center, Charlotte, NC 28255, and with

agents, servants or employees in the State of Connecticut; with such contacts and ties to the State of Connecticut; with such effect on interstate commerce and/or commerce in the State of Connecticut; and or otherwise with such a presence in the State of Connecticut that personal jurisdiction can be had over said Defendant by the United States District Court for the District of Connecticut pursuant to provisions of federal law.

10. Plaintiff alleges, upon information and belief, and upon reasonable investigation and research that the United States District Court has subject matter jurisdiction over the issues in this action, and that the case is properly venued in the District of Connecticut.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 and venue is proper in this District pursuant to 28 U.S.C. Section 1391(a). There is complete Diversity of Citizenship pursuant to 28 U.S.C. Section 1332. Plaintiff is, and was at all times herein mentioned, domiciled in and a citizen of the State of Connecticut residing in Fairfield County.

12. Upon information and belief, Defendant is not a resident or citizen of the State of Connecticut nor is Defendant incorporated in or has a principal place of business in the State of Connecticut.

13. This is an action for damages in which the amount in controversy exceeds $75,000.00 (seventy-five thousand U.S. Dollars) exclusive of interest, costs and attorney's fees.

14. Any change of venue to a different venue for whatever reasons would cause great hardship and difficulties to Plaintiff, impair her ability to investigate and pursue these claims, and upon information and belief many other persons, and negate or adversely affect the pursuit and administration of justice.

15. If Defendant shall timely object to the venue chosen, and if this Court should find basis for such objection, in the interests of justice and basic fairness, it is respectfully requested the Court not dismiss the action but rather transfer the same to the District Court determined to have proper venue, as contemplated and provided for in federal procedural law.

## BACKGROUND

16. At all times material hereto the activities of the Defendant was subject to Connecticut statutes and duty of ordinary care under the common law. *See generally* Conn. Gen. Stat. Section 42a 1-103.

17. Plaintiff opened a New York Yankees Regular Checking Account, at local Bank of America branch located in Westport, Connecticut.

18. In April of 2011, one of Plaintiff's customers deposited a check in Plaintiff's account for business-related matters, in the total amount of $4,500.00.

19. In or about April 2011, the abovementioned check was flagged for fraudulent activity and there was a freeze on the Plaintiff's account due to this.

20. In or about April 2011, Plaintiff was informed by Defendant that this transaction would be frozen and that the account was being looked into because of the fraudulent transaction not committed by Plaintiff.

21. Plaintiff was informed, several times, that he would have access to the remainder in his account, minus the $4,500 associated with the fraudulent transaction.

22. Plaintiff was informed that he would not be able to withdraw any money from this account during the freeze, yet Defendant stated that it was unable to stop deposits from being made.

Therefore, some of Plaintiff's customers were depositing money into the account, as they usually do, and this money was inaccessible to Plaintiff and ultimately wrongfully taken by Defendant.

23. Plaintiff continued to inquire about the remaining funds in his account and his lack of access to it.

24. Defendant took $29,993.04 from Plaintiff's account on May 20, 2011 when there was never any transaction related to this. According to a bank statement, for the period of May 10, 2011 through June 9, 2011, Defendant removed these funds and categorized the transaction as a "Account Closing Transaction."

25. Plaintiff received a Statement showing that there was a zero dollar balance left in the account on May 20, 2011. Defendant, without explanation or permission, removed the remaining monies totaling $29,993.04 in Plaintiff's account and has yet to return it.

26. Additionally, Defendant allowed deposits to continue in the account and therefore withdrew the remainder of the account, $1,640.00, again on June 9, 2011 and called this transaction another "Account Closing Transaction."

27. Plaintiff has yet to recover any of the $31,633.04 that Defendant has wrongfully taken from Plaintiff's accounts, without justification or authorization.

**FIRST CAUSE OF ACTION: (Civil Theft)**

28. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 27, inclusive, of this Complaint.

29. By reason of Defendant's wrongful retention and use of the subject monies, as aforesaid, Defendant wrongfully possessed, withheld, transferred and/or received properly belonging exclusively to Plaintiff.

30. In retaining such property, as aforesaid, Defendant intended to deprive Plaintiff of its property and its exclusive rights to the use and enjoyment thereof and intended to appropriate such property to itself and/or to third parties.

31. By virtue of such theft of property, Defendant committed theft and larceny against Plaintiff.

32. As a direct and proximate result of the foregoing conduct of Defendant, as set forth above, Plaintiff has suffered and will continue to suffer damages and harm. Defendant's conduct rises to the level of statutory theft and Plaintiff is, therefore, entitled to treble damages pursuant to Conn, Gen. Stat. § 52-564.

33. The unauthorized taking of monies by Defendant, under the foregoing circumstances, are a civil theft of monies as that phrase is employed in CGS 52-564, and the cases which interpret said statute.

**SECOND CAUSE OF ACTION :(Connecticut Unfair Trade Practices Act)**

34. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 33 above, inclusive of this Complaint.

35. Conn. Gen. Statutes Sec. 42-110b prohibits a person from engaging in"...unfair or deceptive acts or practices in the conduct of any trade or commerce."

36. Conn. Gen. Statutes Sec. 42-110g provides a right of action compensatory and punitive damages"...as a result of the use or employment of a method, act or practice prohibited by section 42-110b."

37. The actions of Defendant were unfair and deceptive.

38. Pursuant to Conn. Gen. Stat. § 42-110(g), Plaintiff is entitled to his actual damages, punitive damages, and injunctive relief.

39. Pursuant to Conn. Gen. Stat. § 42-110(g)(d), defendants are liable for costs and attorneys fees.

40. The conduct of defendants, as set forth herein, was unlawful, unfair, immoral, unscrupulous, deceptive and/or fraudulent and constitutes unfair and deceptive acts violation of Conn. Gen. Stat. §§ 42-110a.

41. A copy of this complaint has been mailed to the Connecticut Attorney General and the Connecticut Department of Consumer Protection.

42. As a result of the wrongful conduct of Defendant, Plaintiff suffered damages.

43. Plaintiff reserves the right to allege other violations of law which constitute unlawful business acts or practices. Defendant continues to possess funds that belong to the Plaintiff, to this date.

**THIRD CAUSE OF ACTION: (Federal Law)**

44. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 43 above, inclusive of this Complaint.

45. There is an implied private right of action by those who suffer direct damages for violation by the Banks of the federal laws and regulations governing the operation of national banks.

46. Defendant failed to adopt the policies and procedures mandated by the above referenced federal laws and regulations.

47. Defendant failed to implement and carry out the policies and procedures mandated by the above referenced federal laws and regulations.

48. As a result of the failure of Defendant to adopt the aforesaid policies and procedures and/or its failure to implement and carry out the policies and procedures mandated by the above referenced federal laws and regulations, Plaintiff sustained direct damages.

**FOURTH CAUSE OF ACTION: (Common Law Negligence)**

49. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 48 above, inclusive of this Complaint.

50. Defendant owed a duty to Plaintiff, as a customer of their bank who signed a contract with Defendant, to act with reasonable care in its transactions.

51. Defendant breached this duty when it withdrew $29,999.93 and considered it an Account Closing Transaction. This transaction was not a real transaction and there was never an explanation as to why Plaintiff's monies in his account were taken.

52. As a result of Defendant's negligent misconduct as aforesaid, the Plaintiff has sustained monetary damages.

**SIXTH CAUSE OF ACTION:(Breach of Fiduciary Duty)**

53. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 52 above, inclusive of this Complaint.

54. All of the above constitutes breach of fiduciary duty on the part of Defendant thereby causing damages to Plaintiff in an amount equal or greater than the jurisdictional limits of this Court.

**SEVENTH CAUSE OF ACTION:(Conversion)**

55. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 54 above, inclusive of this Complaint.

56. The misappropriations described above by Defendant constitute conversion and/or money had and received on the part of Defendant thereby causing damages to Plaintiff in an amount equal to or greater than the jurisdictional limits of this Court.

57. Defendant has converted to their own use, property belonging to Plaintiff through unlawful acts and conduct. The specific sum of money that was converted by defendant should be readily identifiable from information and records in Defendant's possession or control.

58. As a direct and proximate result of Defendant's unlawful acts and conduct, Plaintiff and the was deprived of the use of their money that was unlawfully converted by Defendant, and is thereby entitled to restoration of his monies, interest on these monies from the date said monies were converted by defendants to the date of judgment, compensatory damages (including overdraft fees associated with the account) and punitive damages.

**EIGHTH CAUSE OF ACTION: (Unjust Enrichment)**

59. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 58 above, inclusive of this Complaint.

60. Defendant has received, and continues to receive, a benefit at the expense of Plaintiff.

61. Defendants has fraudulently and/or deceptively charged and withdrew over thirty thousand dollars from Plaintiff's account without a transaction taking place for that amount. Accordingly, Defendant has received benefits which they have unjustly retained at the expense of plaintiff.

62. As a direct and proximate result of Defendant's unlawful acts and conduct, Plaintiff was deprived of the use of his money that was unlawfully taken by defendants, and is therefore entitled to restoration of his monies.

63. Plaintiffs further pray that a constructive trust be impressed upon all proceeds from Defendant's unlawful conduct as alleged herein.

**NINTH CAUSE OF ACTION:(Fraud)**

63. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 62 above, inclusive of this Complaint.

64. The acts, conduct and practices of defendants, as alleged above, were fraudulent and deceptive. The Defendants froze the entire account for a fraudulent transaction relating to a third party, which Plaintiff was told was only temporary. Then withdrawals could not be made, but deposits could. Eventually, the entire amount was withdrawn by the Defendant, leaving a zero balance.

65. Plaintiff's account was then charged a second "Account Closing Transaction" within three weeks after the Account was technically closed by Defendant.

66. Defendant allowed Plaintiff's customers to continue to deposit money into the account, which Defendant had frozen, and then Defendant took all of the monies deposited and left the account with a zero balance again on June 9, 2011.

67. To further their scheme to conceal the true facts, Defendant never sent any letter or statement explaining why they had removed the remaining almost thirty thousand dollars in Plaintiff's account when the fraudulent transaction which led to the freeze was only for $4,500.00 and was a closed matter.

68. Defendant's agents verbally informed Plaintiff that this matter would be handled and the rest of the funds would be unfrozen and accessible.

69. Defendant's false and misleading statements and suppression of the material facts set forth above and throughout this Complaint defrauded plaintiff, and are in direct violation of federal and state statutes, as well as principles of common law, for which plaintiff and members of the Class are entitled to recover damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against defendant as follows:

A. For compensatory damages sustained by Plaintiff as a result of Defendant's unlawful acts and conduct, including interest and any overdraft fees caused by defendant's unlawful taking of consumers' money;

B. For treble damages pursuant to Conn. Gen. Stat. § 52-564;

C. For restitution of all monies acquired by defendants from plaintiff as a result of defendants' wrongful practices described above;

D. For statutory and common law punitive damages to be awarded to Plaintiff pursuant to Connecticut Unfair Trade Practices Act Section 42a-110g(a);

E. For pre-judgment and post-judgment interest to be awarded to plaintiff;

F. An order preliminarily and/or permanently enjoining defendants from pursuing the policies, acts and practices complained of herein.

G. An order of this Court ordering Defendant to immediately cease all acts of unfair competition and enjoin defendants from continuing to conduct business via the unlawful, unfair or fraudulent business acts or practices as particularized herein;

H. For the costs and expenses incurred in this action, including reasonable attorneys' fees; and

I. For an order awarding such other and further relief as this Court may deem just and proper.

By:_____

Robert S. Sloat, Pro se
4 Bluewater Hill South
Westport, CT 06880
(203)557-2200